UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA BERGMAN,

        Petitioner,

                                  Case No. 17-cv-13506
v.                             Hon. Matthew F. Leitman

SHAWN BREWER, WARDEN,

        Respondent.

_____/

**<u>ORDER (1) DENYING PETITIONER'S MOTION FOR RECONSIDERATION (ECF No. 20) AND (2) EXPANDING CERTIFICATE OF APPEALABILITY</u>**

In 2014, a jury in the St. Clair County Circuit Court convicted Petitioner Lisa Bergman of second-degree murder, operating a motor vehicle under the influence of intoxicating liquor or a controlled substance causing death, and other charges. Prior to trial, Bergman had sought the appointment of a defense toxicology expert at public expense. The state trial court denied that request, and the Michigan Court of Appeals affirmed that denial. At the conclusion of her direct appeal, Bergman filed a petition for a writ of habeas corpus in this Court. (*See* Pet., ECF No. 1.) In her petition, Bergman argued, among other things, that the state trial court violated her right to due process when it denied her motion for the appointment of a toxicology expert. In an Opinion and Order dated June 4 , 2021, the Court concluded that Bergman was not entitled to habeas relief on that claim because the decision of the Michigan

1

Court of Appeals on the toxicology expert issue was not contrary to, and did not involve an unreasonable application of, clearly established federal law. (*See* Op. and Order, ECF No. 18.)

Bergman has now filed a motion for reconsideration. (*See* Mot., ECF No. 20.) She contends that the Court failed to address her argument that the Michigan Court of Appeals' decision on the toxicology expert issue involved an unreasonable determination of the facts. (*See id.*) Bergman is correct that the Court did not take up that argument. But that omission by the Court does not entitle Bergman to reconsideration because the result of the Court's ruling would not have changed if the Court had analyzed the argument. For the reasons explained below, the Court concludes that the Michigan Court of Appeals' decision did not involve an unreasonable determination of the facts. The Court will therefore **DENY** Bergman's motion for reconsideration. However, it will **EXPAND** its previously-granted certificate of appealability to include its denial of this motion and its conclusion herein that the Michigan Court of Appeals' decision did not involve an unreasonable determination of the facts.

I

The facts and procedural history underlying the claims in Bergman's petition are set forth in detail in the Court's prior Opinion and Order, and the Court will not repeat them here. Instead, the Court incorporates its earlier recitation of the facts

and history into this Order. However, the Court will briefly recount the facts and procedural history underlying Bergman's claim related to her request for the appointment of a toxicology expert at public expense.

Before Bergman's trial began, it became clear to her attorney that the prosecution's case would rely heavily upon (1) the results of toxicology tests that had been run on her blood following the vehicle accident at issue and (2) testimony from toxicology expert witnesses. Bergman's attorney therefore sought the appointment of a toxicology expert at public expense to assist him in understanding the prosecution's toxicology evidence, in assessing whether proper toxicology testing protocols were followed, and in developing cross-examination questions for the prosecution's experts. (*See* 10/17/13 Mot. Hr'g Tr., ECF No. 6-4, PageID.337-345.) The state trial court declined to appoint a toxicology expert on the ground that Bergman had not shown a sufficient nexus between her need for an expert and the prosecution's case. (*See id.*, PageID.345-346.) That court was "not convinced that [the expert was] absolutely necessary." (*Id.*)

On direct appeal, Bergman argued that the state trial court erred when it declined to appoint a toxicology expert for her at public expense. The Michigan Court of Appeals rejected that argument and affirmed Bergman's convictions. *See People v. Bergman,* 879 N.W.2d 278, 289 (Mich. App. 2015).

When Bergman's direct appeal concluded, she filed a habeas petition in this Court. (*See* Pet., ECF No. 1.) She argued, among other things, that the state trial court violated her right to due process of law when it declined to appoint a toxicology expert for her at public expense. After reviewing the petition and Respondent's answer to the petition, the Court appointed counsel for Bergman. (*See* Order, ECF No. 11.) Counsel then filed supplemental briefs in further support of the petition. (*See* Supp. Brs., ECF No. 15, 17.) Together, Bergman and her counsel argued that the decision of the Michigan Court of Appeals affirming the state trial court's refusal to appoint the expert (1) was contrary to, or involved an unreasonable application of, clearly established federal law, and/or (2) involved an unreasonable determination of the facts. (*See id.*)

In the Opinion and Order, this Court denied relief on Bergman's due process claim. The Court expressed its own strong belief that state trial court's refusal to appoint a toxicology expert for Bergman had, indeed, resulted in a fundamentally unfair trial. But the Court nonetheless held that Bergman was not entitled to relief because she had not shown that the Michigan Court of Appeals' decision was contrary to, or involved an unreasonable application of, clearly established federal law. (*See* Op. and Order, ECF No. 18, PageID.1302-1310.) The Court did not address Bergman's argument that the Michigan Court of Appeals' decision involved an unreasonable determination of the facts.

4

Bergman now moves for reconsideration. (*See* Mot., ECF No. 20.) She argues that the Court erred when it failed to address her argument that the factual determinations by the Michigan Court of Appeals were unreasonable. She further contends that this Court should now evaluate that argument and should conclude that the state appellate court's factual determinations were unreasonable. Finally, she argues that when those unreasonable factual determinations are corrected, it becomes clear that she is entitled to habeas relief on her due process claim.

## II

Motions for reconsideration in this Court are governed by Local Rule 7.1(h). Under that rule, the movant must demonstrate that the Court was misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest, or plain. *See Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D. Mich. 1997). The movant must also show that the defect, if corrected, would result in a different disposition of the case. *See* E.D. Mich. L.R. 7.1(h)(3).

## III

Bergman has satisfied the first half of her burden in seeking reconsideration. She has shown that the Court committed a clear error when it failed to address her argument that the Michigan Court of Appeals' decision involved an unreasonable determination of the facts. But to be entitled to reconsideration, she must also show

5

that the result of the Court's ruling would have been different if the Court had addressed that argument. She has not done so.

### A

Bergman's attack on the factual determinations of the Michigan Court of Appeals rests upon 28 U.S.C. § 2254(d)(2). Under that statute, habeas relief may be "warranted where the state-court adjudication 'resulted in a decision that was based on an unreasonable determination of the facts.'" *Pouncy v. Palmer*, 846 F.3d 144, 158 (6th Cir. 2017) (quoting 28 U.S.C. § 2254(d)(2)). "To show that a state court's determination of the facts was 'unreasonable,' it is not enough that the 'federal habeas court would have reached a different conclusion in the first instance.'" *Id.* (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). Instead, a "state court decision involves an unreasonable determination of the facts in light of the evidence presented in the State court proceeding only if it is shown that the state court's presumptively correct factual findings are rebutted by clear and convincing evidence and do not have support in the record." *Id.* (internal citations omitted).

### B

Bergman's argument that the Michigan Court of Appeals unreasonably determined the facts focuses on the Court of Appeals' statement that she "did not explain why she could not safely proceed to trial without her own [toxicology] expert." *Bergman*, 879 N.W.2d at 289. Bergman argues as follows:

6

> The Michigan Court of Appeals determined, as a factual matter, that Bergman "did not explain why she could not safely proceed to trial without her own expert." (R. 6-16, MCOA Op., PgID. 941.) The transcripts show, however, that [Bergman's defense attorney] explained that an expert was necessary "because without expert witness assistance, Lisa Lynn Bergman will be denied the right to meaningful and informed cross-examination of the prosecution's expert witnesses." (R. 1, Mot., PgID 79 (emphasis added).) The Michigan Court of Appeals ignored the critical portion of [defense counsel's] explanation, rendering its determination of the facts unreasonable.

(Bergman Reply Br., ECF No. 17, PageID.1280.)

The problem with this argument is that it does not account for the context in which the Michigan Court of Appeals said that Bergman "did not explain why she could not safely proceed to trial without her own expert." Once that statement is viewed in context, it becomes apparent that the state appellate court was not making a factual finding that Bergman literally offered *no* explanation as to why she needed an expert to proceed to trial. Instead, the court was making a *legal* determination that Bergman did not offer a *sufficient* explanation as to why she needed an expert.

The Michigan Court of Appeals began its Opinion with a recitation of the factual background and procedural history of Bergman's case. In that section of the Opinion, the state appellate court acknowledged that Bergman *did* offer an explanation as to why she needed a toxicology expert, and the court proceeded to describe Bergman's explanation:

7

Defendant also moved for appointment of an expert witness at public expense. She argued that the accuracy and interpretation of the State Police laboratory tests were critical issues in the case, and *claimed that she would be deprived of a "meaningful defense" unless an independent expert determined the accuracy and relevance of the "purported findings" in the laboratory reports*. The cost of an independent examination of each test result was $1,500. A retest of what defendant referred to as "Sample B" was $760. Defendant argued that, at a minimum, she required an expert evaluation of her blood test results on the night of the fatal collision and the Sample B blood draw. She asserted that she was indigent and unable to pay these costs.

The prosecutor argued in response that the prosecutor's endorsement of an expert witness does not automatically entitle an indigent defendant to a court-appointed expert. Defendant also failed to allege any irregularity or deficiency with respect to the State Police Crime Lab's methods or protocols that would establish a genuine need for a defense expert. *At the hearing on this motion, defense counsel stated that he needed an expert to advise him on reviewing the toxicology reports and the "B sample." He explained that two samples are taken: the A sample, which is analyzed by the forensic lab, and the B sample, which is reserved for later testing. He asserted that the prosecutor could not reasonably argue that toxicology reports were relevant to the prosecution's case, but not relevant to the defense*. The prosecutor responded that defendant's motion did not include arguments about relevance and interpretation of lab results. Rather, defendant's motion was based on reviewing methods and protocols to ensure that the State Police Crime Lab used proper methods, and a defendant is not entitled to an expert merely because the prosecutor relies on an expert, but instead must establish a "sufficient nexus" between appointment of an expert and a potential flaw in the prosecution's expert evidence. *Defense counsel replied that he could not determine whether protocols were*

8

> *followed.* The trial court stated that the prosecutor was making every effort to provide the "instrumental data" to the defense for review and analysis. The trial court agreed with the prosecutor that defendant had not established a sufficient nexus justifying further testing or duplicate testing to see if the same result would be obtained. The court indicated that it was unwilling to appoint at public expense an expert to duplicate the prosecution's forensic testing, but it did not rule out the appointment of a consultant-type expert to assist in reviewing the existing data and materials from the prosecution.

*Bergman*, 879 N.W.2d at 283-84 (emphasis added).

After setting forth this procedural history, the Michigan Court of Appeals provided its analysis of Bergman's due process claim. The statement highlighted by Bergman appears in that analysis. The analysis was as follows:

> Defendant relies on *Ake v. Oklahoma,* 470 U.S. 68, 77 (1985) (quotation marks and citation omitted), in which the United States Supreme Court held that "[m]eaningful access to justice" and fundamental fairness require that indigent defendants be afforded, at state expense, the "basic tools of an adequate defense or appeal[.]" This Court recognized *Ake* in *People v. Leonard,* 224 Mich. App. 569, 580–581, 569 N.W.2d 663 (1997), and still concluded that "a defendant must show a nexus between the facts of the case and the need for an expert." *Id.* at 582, 569 N.W.2d 663.
>
> We conclude that *Ake* does not require appointment of a defense expert without a demonstration of a nexus between the need for an expert and the facts of the case. Here, defendant failed to establish the requisite nexus. She asserted that toxicology evidence was a critical part of the prosecution's case, but she did not explain why she could not safely proceed to trial without her own expert. She did not establish why the objective results of blood analysis

9

> might be unreliable. She made no offer of proof that an expert could dispute the prosecution experts' opinions regarding the side effects of prescription medications and their contribution to impaired driving. Defendant failed to establish that expert testimony would likely benefit her case. A mere possibility that the expert would have assisted the defendant's case is not sufficient.

*Id*. at 289 (internal citations omitted).

It seems difficult, if not impossible, to reconcile the two quoted passages above with Bergman's argument that the Michigan Court of Appeals "determined, as a factual matter" that Bergman offered no explanation as to why she needed a toxicology expert. First, as the first passage above shows, the state appellate court expressly recognized that Bergman did offer at least some explanation regarding why she required a toxicology expert. In light of that recognition, it seems unreasonable to read the appellate court's later statement that she "did not explain why she could not safely proceed to trial without her own expert" as meaning that she literally said nothing about why she needed an expert. Second, after saying that Bergman "did not explain" her need for an expert, the Michigan Court of Appeals offered examples of what Bergman did not present. This structure suggests that the appellate court was attempting to show that the explanation that Bergman did offer was lacking. Indeed, if the Michigan Court of Appeals had meant that Bergman had offered literally no explanation, it would have had no need to go further to point out the specific deficiencies in her showing. Finally, the last statement of the Michigan

Court of Appeals' analysis in the second passage quoted above further suggests that that court recognized that Bergman had offered some explanation as to why she needed a toxicology expert. The court stressed that a "mere possibility that the expert would have assisted the defendant's case is not sufficient." *Id*. This indicates that the court viewed Bergman's explanation as qualitatively insufficient because it showed only a "mere possibility" that a toxicology expert would be helpful to the defense. If the Michigan Court of Appeals had believed that Bergman said absolutely nothing about why she needed an expert, it would have had no reason to invoke the "mere possibility" standard.

The bottom line is this: while the Michigan Court of Appeals certainly could have expressed itself more clearly, it is most reasonable to read that court's decision as concluding that Bergman did not provide a *sufficient* explanation as to why she needed a toxicology expert, not as concluding that Bergman provided literally no explanation as to why she needed the expert. And the court's conclusion that Bergman's explanation was insufficient is not a *factual* determination that is subject to review under Section 2254(d)(2). *See McMullan v. Booker*, 761 F.3d 662, 670–71 (6th Cir. 2014) (holding that a trial court's decision whether to give a jury instruction is not a factual determination and explaining that for purposes of Section 2254(d)(2), "[f]actual issues" include "basic, primary, or historical facts: facts in the sense of a recital of external events and the credibility of their narrators;" "a

11

defendant's competency to stand trial and a juror's impartiality [because] these issues depend on a trial court's appraisal of witness credibility and demeanor;" and "whether a petitioner made a *Batson prima facie* showing of racial discrimination.").[1]

### C

For all of the reasons explained in detail by the Court in its earlier Opinion and Order, the Court remains firmly convinced that the Michigan Court of Appeals acted unreasonably when it determined that Bergman failed to show that she needed a toxicology expert. Indeed, the state trial court's refusal to provide such an expert to Bergman at public expense left Bergman without any meaningful opportunity to develop an effective counter to the prosecution's key toxicology evidence and expert testimony. But while the Michigan Court of Appeals' ruling was unreasonable, it did not involve an unreasonable determination of the facts. Therefore, Bergman has not satisfied Section 2254(d)(2), and she is not entitled to habeas relief on her due

---

[1] The cases cited by Bergman in support of her contention that the Michigan Court of Appeals made a factual finding are not to the contrary. (*See* Bergman Supp. Br., ECF No. 23, PageID.1327-1328.) Those cases do not address whether a determination like the one made by the Michigan Court of Appeals is a factual one. *See Castellanos v. Small*, 766 F.3d 1137 (9th Cir. 2014) (explaining that under *Batson v. Kentucky*, 476 U.S. 79, 98 n.21 (1986), "intent to discriminate is an issue of fact," and then concluding that state court unreasonably determined the facts when it found a lack of discriminatory intent); *Campos v. Stone*, 201 F.Supp.3d 1083 (N.D. Cal. 2016) (holding that state court's interpretation of a police interrogation constituted an unreasonable determination of the facts).

process claim. The Court thus declines to reconsider its decision in the Opinion and Order to deny Bergman federal habeas relief.

## IV

For all of the reasons explained above, Bergman's motion for reconsideration (ECF No. 20) is **DENIED**.[2]

At the conclusion of the Court's Opinion and Order, it explained that "Bergman should be able to present to the Sixth Circuit all of her arguments seeking relief based upon the denial of her motion for the appointment of a toxicology expert at public expense." (Op. and Order, ECF No. 18, PageID.1311.) It therefore granted her a certificate of appealability "limited to her claim that the state trial court violated her rights to due process and to a fair trial when it denied her pretrial motion for the appointment of a defense toxicology expert at public expense." (*Id.*) The Court's earlier certificate of appealability may be broad enough to encompass the issues addressed in this Order. But in case it is not, the Court now expands the certificate of appealability to include its denial of this motion and its ruling that the Michigan Court of Appeals' decision did not involve an unreasonable determination of the facts. Expanding the certificate of appealability in this regard is appropriate because

---

[2] Respondent has offered a number of additional arguments regarding why the Court should deny reconsideration and deny relief on Bergman's due process claim. (*See* Respondent's Response Br., ECF No. 24.) The Court does not reach these arguments.

13

reasonable jurists could debate whether the Court should have resolved this issue in a different manner and because the issue has sufficient merit to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 24, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 24, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764